-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RANDY S. BOWERS and
NELSON C. BOWERS,

        Plaintiffs,

                DECISION AND ORDER
-v-                 06-CV-6081L(P)

COUNTY OF SCHUYLER;
WILLIAM YESSMAN, Schuyler Co. Sheriff;
SEAN J. MURRAY, Deputy;
NICK PRESTON, Deputy;
DAVID CENTRELLI, Deputy;
WILLIAM PRESTON, Sgt. Jail Administrator;
and JOHN DOE, Deputy;

        Defendants.

---

    Plaintiffs *pro se* Randy and Nelson Bowers filed an action pursuant to 42 U.S.C. § 1983 in February, 2006. Both parties filed applications for *in forma pauperis* status. Plaintiffs met the statutory requirements of 28 U.S.C. § 1915(a), and both are hereby granted permission to proceed *in forma pauperis*. Plaintiffs' complaint has not yet been screened by the Court pursuant to the requirements of 29 U.S.C. § 1915(e).

    Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall review a case in which *in forma pauperis* status has been granted to determine if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Plaintiffs' complaint has not yet been screened by the Court pursuant to the requirements of 29 U.S.C. § 1915(e) because an amended complaint was filed in March, 2006. This amended complaint, which adds three defendants and a third cause of action,

was purportedly filed by Nelson Bowers for himself and as power of attorney for Randy Bowers. Randy Bowers has not signed the amended complaint.

The Court cannot accept the amended complaint on behalf of *pro se* plaintiff Randy Bowers. A non-attorney *pro se* party may not represent another's interests. *See Mandeville v. Wertheimer*, 2002 WL 432689 at * 2 (S.D.N.Y. 2002) ( Plaintiffs' daughter not allowed to appear *pro se* as her parents' guardian based on her power of attorney)(collecting cases)."[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) (citation omitted); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997) ("appearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity"). "The general rule in federal court forbids representative parties, such as guardians or executors, from appearing *pro se*." *Taylor v. Henderson*, 2002 WL 14423, at * 3 (S.D.N.Y. Jan. 4, 2002) (citations omitted); *see also e.g., Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (per curiam) (layperson may not represent a corporation); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir.1976) (individual may not appear *pro se* to pursue a shareholder's derivative suit); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir.1991) (layperson may not represent a partnership); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990) (parent may not appear *pro se* on behalf of his or her minor child); *Pridgen*, 113 F.3d at 393 ("administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant"). Thus, Nelson Bowers may not sign the amended complaint on behalf of Randy Bowers. Randy Bowers must sign the amended complaint on his own to have the Court consider it as the amended complaint of both

parties in this action.  Plaintiff Randy Bowers may have until **May 23, 2006** to either sign the amended complaint or to inform the Court that he does not intend to adopt the amended complaint as his own.

The Clerk of the Court is directed to forward a copy of the amended complaint to plaintiff Randy Bowers to sign and return to the Court if he wishes to adopt the amended complaint as his own.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 20, 2006
Rochester, New York