-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RANDY S. BOWERS and
NELSON C. BOWERS,

        Plaintiff,

-v-

COUNTY OF SCHUYLER;
WILLIAM YESSMAN, Schuyler County Sheriff;
SEAN J. MURRAY, Deputy;
NICKOLAS PRESTON, Deputy;
DAVID CENTRELLI, Deputy;
Sgt. WILLIAM PRESTON, Jail Administrator;
JOHN DOE, Deputy;
NEW YORK STATE DIVISION OF PAROLE;
RANDY KUZZMAN, Parole Officer and
JOHN LATTIMER, Senior Parole Officer;

        Defendants.

DECISION AND ORDER
06-CV-6081L(P)

---

## INTRODUCTION

Plaintiffs Randy S. Bowers and Nelson C. Bowers, who were previously granted *in forma pauperis* status (Docket No. 5), have filed this amended complaint seeking relief under 42 U.S.C. § 1983 (Docket No. 6). Plaintiffs claims that the defendants have violated their constitutional rights in the following manners. Plaintiff Randy Bowers alleges that Deputy Sean Murray, Deputy Nickolas Preston, Deputy John Doe, Sheriff William Yessman, Jail Administrator William Preston, and the County of Schuyler subjected him to excessive force and subsequently denied him adequate medical care while he was detained at the Schuyler County Jail. Plaintiff Nelson Bowers alleges that Deputy David Centrelli, Jail Administrator William Preston, Sheriff William Yessman, the County of

Schuyler, the New York State Division of Parole, Parole Officer Randy Kuzzman and Senior Parole Officer John Lattimer subjected him to false arrest and malicious prosecution in retaliation for his First Amendment activity, he was denied reasonable accommodation to his medical conditions while in the Schuyler County Jail facilities, he was denied adequate medical care, and he was subsequently subjected to conditions of parole that were instituted in retaliation for, and to interfere with, his First Amendment activity. For the reasons discussed below, several of plaintiffs' claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

2

Based on its evaluation of the complaint, the Court finds that plaintiff Nelson Bower's claims against the New York State Division of Parole must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted. Plaintiff brings his claims against the State Division of Parole pursuant to 42 U.S.C. § 1983. The Eleventh Amendment bars such claims against states, absent their consent to such suit or an express statutory waiver of immunity. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official arm of the state," such as the New York State Division of Parole, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). Accordingly all 42 U.S.C. § 1983 claims against the New York State Division of Parole are dismissed.

## CONCLUSION

For the reasons discussed above, claims against the New York State Division of Parole are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Deputy Sean Murray, Deputy Nickolas Preston, Deputy John Doe, Sheriff William Yessman, Jail Administrator William Preston, Deputy David Centrelli, the County of Schuyler, Parole Officer Randy Kuzzman and Senior Parole Officer John Lattimer regarding the remaining claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that all claims against the New York State Division of Parole are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendant New York State Division of Parole as party to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiffs' papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Deputy Sean Murray, Deputy Nickolas Preston, Deputy John Doe, Sheriff William Yessman, Jail Administrator William Preston, Deputy David Centrelli, the County of Schuyler, Parole Officer Randy Kuzzman and Senior Parole Officer John Lattimer without plaintiffs' payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiffs' favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated: JUNE 5, 2006
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge