UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RANDY S. BOWERS and NELSON BOWERS,

              Plaintiffs,

     v.

COUNTY OF SCHUYLER, et al.,

             Defendants.

REPORT & RECOMMENDATION

06-CV-6081L

---

Plaintiffs Randy and Nelson Bowers filed the original *pro se* complaint in this matter on February 7, 2006, against the County of Schuyler, various members of the Schuyler Sheriff's Department, the New York State Division of Parole and various individual Parole Officers. (Docket # 1). Plaintiffs thereafter filed an amended complaint naming the same defendants on March 10, 2006. (Docket # 4). In the amended complaint, plaintiffs allege, among other things, that defendants subjected Randy Bowers to excessive force at the time of his arrest and subsequently denied him adequate medical care while he was detained at the Schuyler County Jail. The complaint further asserts that defendants falsely arrested and maliciously prosecuted Nelson Bowers in retaliation for the assistance he provided his brother in filing a police brutality complaint. (Docket # 4). By Order dated June 5, 2006, the court dismissed plaintiffs' claim against the New York State Division of Parole and directed service of the summons and complaint on all remaining defendants. (Docket # 7).

Currently pending before the Court is plaintiffs' motion for leave to file a second amended complaint. (Docket # 24).[1] Defendants oppose such motion and have cross-moved for dismissal of the proposed amended complaint, arguing that inclusion of the proposed amended claims would be futile. (Docket # 27).

## DISCUSSION

A comparison of plaintiffs' amended complaint and their proposed second amended complaint reveals the addition of several individuals as new defendants. First, plaintiffs seek to add Section 1983 claims against Schuyler County District Attorney Joseph Fazzary[2] and Assistant District Attorney Matthew Hayden, contending that they unlawfully refused to investigate and prosecute the Schuyler County Sheriff's deputies involved in the alleged assault of Randy Bowers and also abused their prosecutorial authority. (Docket # 24). Second, plaintiffs seek to add Section 1983 claims against William Weiss, Commissioner of Schuyler County Department of Social Services, and social workers Georgian Bocker and Victoria Pierce, alleging that they retaliated against plaintiffs for commencing this action. (Docket # 24). Defendants contend that any amendment to include social service workers or members of the District Attorney's office would be futile because they are entitled to immunity. (Docket # 27).

---

[1] Plaintiffs filed a document entitled, "Plaintiffs' Second Amended Complaint," but did so without obtaining defendants' consent. Accordingly, plaintiffs' filing will be construed as a motion for leave to file such complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

[2] Plaintiffs have misspelled Mr. Fazzary's name in their papers, referring to him as Joseph Fizzary.

Finally, plaintiffs have apparently identified the previously-named "John Doe Deputy" in their first claim as Deputy Dietrick. Defendants do not oppose that modification.

**A. Standard of Review for Motions to Amend:** Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which the court "should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15, "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. The determination whether a proposed amendment is

futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. *See Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (citing *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F. Supp. 2d 657, 666 (S.D.N.Y. 2001)). Thus, the court "must view the claim in the light most favorable to the moving party and determine whether there is a colorable claim for relief." *Santiago v. Steinhart*, 1993 WL 410402, *2 (S.D.N.Y. 1993).

In addition, in considering whether to permit the inclusion of additional parties, Rule 20(a) of the Federal Rules of Civil Procedure provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See, e.g.*, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton County Nat. Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

**B. Proposed Defendants are Entitled to Immunity:** "It is well-settled that prosecutors sued under 42 U.S.C. § 1983 are entitled to absolute immunity from claims for damages arising out of prosecutorial duties that are intimately associated with the judicial phase of the criminal process." *Parkinson v. Cozzolino*, 238 F.3d 145, 150 (2d Cir. 2001) (internal quotations omitted). This immunity shields prosecutors from liability for acts performed within the scope of their duties when pursuing criminal prosecutions. *Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996), *cert. denied*, 520 U.S. 1115 (1997). "In determining whether a prosecutor enjoys absolute immunity against any particular claim for damages, the courts are to apply a 'functional approach,' examining 'the nature of the function performed, not the identity of the actor who performed it.'" *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). The critical inquiry is whether the prosecutor was functioning as an advocate when he engaged in the challenged conduct. *Parkinson v. Cozzolino*, 238 F.3d at 150 (quoting *Doe v. Phillips*, 81 F.3d at 1209)). The prosecutor's immunity, however, attaches to his function, "not to the manner in which he performed it." *Id.* (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). Thus, the motivation for the prosecutor's actions is irrelevant, regardless of whether preferable alternatives may have existed. *Id.*

Unlike criminal prosecutors, social workers are not entitled to absolute immunity, *see Robison v. Via*, 821 F.2d 913, 919-20 (2d Cir. 1987) (rejecting extension of absolute immunity to officials conducting a child abuse investigation), but, like all government officials, they may be entitled to qualified immunity. "Qualified immunity protects government officials from the 'costs of trial' and 'broad reaching discovery' by shielding them from liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known.'" *Glass v. Mayas*, 984 F.2d 55, 57 (2d Cir. 1993) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. at 818-19); *see Weyant v. Okst*, 101 F.3d 845, 857 (2d Cir. 1996) ("[P]ublic officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights").

In the instant matter, plaintiffs allege that District Attorney Joseph Fazzary violated their constitutional rights because he refused to prosecute the sheriff's deputies who allegedly assaulted Randy Bowers. Plaintiffs further claim that Assistant District Attorney Matthew Hayden unconstitutionally referenced plaintiffs' civil litigation during Randy Bowers's criminal prosecution. Even if this Court were to assume the veracity of plaintiffs' claims, such alleged conduct clearly falls within the ambit of Fazzary's and Hayden's prosecutorial duties, thus entitling them to absolute immunity. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) ("A prosecutor [] has absolute immunity in connection with the decision whether or not to commence a prosecution"); *Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1989) ("as a matter of logic, absolute immunity must also protect the prosecutor from damages suits based on his decision *not* to prosecute"); *McGann v. Baranowicz*, 617 F. Supp. 845, 847 (S.D.N.Y. 1985) (finding that statements related to presentation of State's case during criminal prosecution entitled to absolute immunity). Accordingly, I find that permitting plaintiffs to

amend their complaint to include Section 1983 claims against proposed plaintiffs Fazzary and Hayden would be futile, and I thus recommend denial of plaintiffs' motion to add such claims against them.

By contrast, I find that plaintiffs' proposed claims against Commissioner Weiss, social workers Georgian Bocker and Victoria Pierce, and Schuyler County are pled with sufficient specificity at this stage to proceed. Plaintiffs contend that Weiss, Bocker and Pierce improperly denied them Medicaid and emergency needs funding in retaliation for the commencement of this lawsuit. They also contend that Bocker and Pierce further retaliated against them by making false allegations of child abuse against Nelson Bowers. While the Section 1983 claims based on these allegations may ultimately be defeated on the grounds of qualified immunity, that determination cannot be made at this time in the absence of some discovery on this issue. Accordingly, I recommend that plaintiffs be permitted to amend their complaint to add Section 1983 claims against Commissioner Weiss, Georgian Bocker, Victoria Pierce and Schuyler County.

## CONCLUSION

For the foregoing reasons, I recommend that plaintiffs' motion for leave to file a second amended complaint to add Section 1983 claims against defendants Weiss, Bocker, Pierce and Schuyler County, and to substitute Deputy Dietrick for the previously-named John Doe defendant **(Docket # 24)** be **GRANTED**. I further recommend that plaintiff's motion for permission to add Section 1983 claims against Joseph Fazzary and Matthew Hayden **(Docket # 24)** be **DENIED**.

Plaintiffs are directed to contact this Court within ten (10) days of the district court's decision on this Report and Recommendation to request that a status conference be scheduled to establish appropriate discovery and motion deadlines.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
         January  23 , 2009

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       January   23  , 2009